UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-CR-00256-AT-RGV |
| ) | |
| KENNETH COPELAND, ) | |
|     Defendant. ) | |
| _____) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Mr. Copeland files the following sentencing memorandum in support of the plea agreement entered into by the parties in this case. He asks this Court to accept the recommendation of the parties and sentence him to 60 months in custody[1].

**I.   MR. COPELAND MAINTAINS HIS OBJECTIONS TO THE PSR.**

Mr. Copeland maintains his objections to the PSR. With respect to the criminal history objections, counsel has determined that the three challenged convictions (¶¶ 32, 35, 36) were commuted to time served at some point. Based upon the documents provided by probation, it is difficult for counsel to determine the amount of time that elapsed between the imposition of the original sentence and the order commuting the sentence. If that time is less than 60 days for the

---

[1] The Court has asked counsel to file sentencing memorandum of less than 5 pages in this case.

1

sentences outlined in paragraphs 32 and 36, Mr. Copeland's criminal history score should be affected because the total sentence imposed does not meet the threshold requirements outlined in the guidelines for certain criminal history points. Likewise, if the time elapsed before the sentence in paragraph 35 was commuted was less than one year and one month, Mr. Copeland's criminal history score should be affected for the same reason. *See* U.S.S.G. 4A1.1; U.S.S.G. 4A1.2(b)(2) ("If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended).

## II. THIS COURT IS FREE TO FASHION A NON-GUIDELINE SENTENCE TO ADDRESS MR. COPELAND'S PARTICULAR CIRCUMSTANCES.

As this Court well knows, the Federal Sentencing Guidelines are no longer mandatory. These guidelines now serve as only one factor among several that courts must consider in determining an appropriate sentence. *See Kimbrough v. United States*, 552 U.S. 85, 90 (2007); *see also United States v. Booker*, 543 U.S. 220, 244 (2005). After *Booke*r, district courts have been instructed to give "respectful consideration" to the sentencing guidelines, but as the Supreme Court's post-*Booker* decisions make clear, district courts may impose non-guideline sentences when appropriate. *See Pepper v. United States*, 131 S. Ct. 1229, 1247 (2011).

The factors outlined in 18 U.S.C. 3553(a) weigh in favor of a sentence of 60

months in this case. Mr. Copeland understands that the parties are asking for a large variance in this case but, pursuant to *Pepper* and other post-*Booker* cases, this Court is permitted to use its judgment to determine the proper sentence in this case.

A.   *The nature and circumstances of the offense and the history and characteristics of the defendant support the request for a sentence of 60 months.*

As this Court is aware, there were approximately 14 attempts on the lives of Mr. Copeland and/or his family members leading up to his arrest in this case. It is these attempts, and his discussions with law enforcement surrounding these attempts, that led him to the decision to possess the firearm at issue. He understands that this was a poor decision on his part and he has accepted responsibility for his actions in this case. While incarcerated, he has renounced his gang membership and he is working on a plan to move forward in his life in a legitimate way. With the help of Emily Powers, he has developed an action plan to get his GED and job training while in federal custody.

Counsel has provided the report created by Ms. Powers to the Court under seal and to the government. The report lays out Mr. Copeland's difficult childhood and educational struggles. As the Court will find from talking with him at sentencing, Mr. Copeland is more motivated than he has ever been to get an education and begin working a trade or other job. He just needs to be given the opportunity and pointed in the right direction.

B. *The need for the sentence imposed.*

A sentence of 60 months is a significant punishment. Such a sentence is sufficient to meet this Court's goals of deterrence and punishment. Mr. Copeland is being punished for his poor choices in this case, but is also using the time in custody to make a plan for the future and to develop ideas of how to become a contributing member of our society. A sentence longer than 60 months will not serve to further the Court's goals to any more significant degree.

C. *Mr. Copeland understands that a term of imprisonment is appropriate in his case but he asserts that the guideline range in this case is greater than necessary to meet this Court's sentencing goals.*

Mr. Copeland knows that the Court will impose a sentence of incarceration in this case. He asks that the Court follow the recommendation of the parties and impose a sentence of 60 months.

D. *Mr. Copeland knows of no applicable policy statement in this case.*

E. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*

Counsel for Mr. Copeland has not located any other cases in which the defendant was possessing a firearm after having told law enforcement about numerous attempts on his life and the lives of his family members. He admits that he was wrong to choose to possess the firearm in this case and he has admitted to his own gang involvement, which led to the problems he had with others. He has renounced that membership and he is trying to learn the life skills necessary to

4

function outside of the violent culture that surrounded him as he grew up. For the first time in his life he has a plan to move forward and he has people supporting him in his new choices. He believes several of those people will be present to support him at sentencing. He has noted that he wants to give back to his community and he wants to be active with the children in the community as a coach or assistant coach so he can be a positive influence and so he can show them a better way to participate in the community. He is asking for a sentence of 60 months so he can get started in this new life sooner rather than later.

**F.    *No restitution has been requested in this case*.**

For all of the reasons outlined above, Mr. Copeland asks that Court to follow the recommendations of the parties and impose a sentence of 60 months in this case.

Respectfully submitted this 17th day of October 2018.

>                   /s/SARALIENE S. DURRETT
>                   Saraliene S. Durrett
>                   GA Bar No. 837897
>                   Counsel for Mr. Copeland

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing memorandum to continue with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

This 17th day of October 2018.


/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Copeland